## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 19-cv-2934<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

*Giuliani Communications FOIA*

7.      On May 21, 2019, American Oversight submitted a FOIA request to State, seeking:

(1) All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between

(1) Rudolph Giuliani, Victoria Toensing, or Joseph diGenova and (2) any of the State officials specified below:

(2) All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of the State officials specified below regarding (1) any plan by Rudolph Giuliani, Victoria Toensing, and/or Joseph diGenova to travel to Ukraine or to communicate with Ukrainian government officials or future Ukrainian government officials or (2) any other effort to encourage the Ukrainian government to investigate any matter related to former Vice President Joseph Biden or his son Hunter Biden.

8.    The request specified the following State officials:

   a) Secretary Mike Pompeo, or anyone communicating on his behalf, such as an acting chief of staff, his executive assistant, special assistants, or schedulers;
   b) Senior Advisors to Secretary Pompeo, P. Michael McKinley, Mary Kissel, and Toni Porter;
   c) Deputy Secretary, John J. Sullivan, or anyone communicating on his behalf, such as an assistant or scheduler;
   d) Counselor to the Secretary, Thomas U Brechbuhl;
   e) Senior Policy Advisor and Special Representative for Iran, Brian Hook;
   f) Nominee for Under Secretary for Management, Brian Bulatao;
   g) Under Secretary for Political Affairs, David Hale;
   h) Executive Secretary Lisa Kenna;
   i) Director of Policy Planning, Kiron Skinner;
   j) Policy Planning member, John Zadrozny;
   k) White House Liaison, Carrie Cabelka, or any other individuals serving in the role of White House Liaison;
   l) Assistant Secretary for Public Affairs, Michelle Giuda;
   m) Department Spokesperson, Heather Nauert;
   n) Assistant Secretary for Legislative Affairs, Mary Elizabeth Taylor; or
   o) Acting Assistant Secretary for Legislative Affairs, Charles Faulkner.

9.    American Oversight requested all responsive records from March 1, 2019, through the date of the search.

3

10.     On information and belief, at least one State official has communicated with Rudolph Giuliani during the relevant time period using text messages or similar messaging applications.

11.     Mr. Giuliani has publicly stated that he sent and received texts with senior officials at the State Department during the relevant time period. *See* Shane Croucher, *Rudy Giuliani Reveals State Department Text Messages About his Ukraine Dealings: 'They're All Over Me . . . Asking Me to Do It,'* CNN (Sept. 27, 2019, 6:15 AM), https://www.newsweek.com/giuliani-state-department-ukraine-text-messages-trump-biden-whistleblower-1461741.

12.     By letter dated July 23, 2019, State acknowledged receipt of this request and assigned the request tracking number F-2019-06331.

13.     American Oversight requested expedited processing of the request on September 20, 2019. American Oversight's request for expedited processing is attached as Exhibit A.

14.     American Oversight has not received any further communications from State concerning this request.

*Ambassador Yovanovitch FOIA*

15.     Also on May 29, 2019, American Oversight submitted a FOIA request to State seeking:

1)  All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of the State officials specified below regarding U.S. Ambassador to Ukraine Marie Yovanovitch.

   a) Secretary Mike Pompeo, or anyone communicating on his behalf, such as an acting chief of staff, his executive assistant, special assistants, or schedulers;

   b) Senior Advisors to Secretary Pompeo, P. Michael McKinley, Mary Kissel, and Toni Porter;

   c) Deputy Secretary, John J. Sullivan, or anyone communicating on his behalf, such as an assistant or scheduler;

   d) Counselor to the Secretary, Thomas U Brechbuhl;

   e) Senior Policy Advisor and Special Representative for Iran, Brian Hook;

   f) Nominee for Under Secretary for Management, Brian Bulatao;

   g) Under Secretary for Political Affairs, David Hale;

   h) Executive Secretary Lisa Kenna;

   i) Director of Policy Planning, Kiron Skinner;

   j) Policy Planning member, John Zadrozny;

   k) White House Liaison, Carrie Cabelka, or any other individuals serving in the role of White House Liaison;

   l) Assistant Secretary for Public Affairs, Michelle Giuda;

   m) Department Spokesperson, Heather Nauert;

   n) Assistant Secretary for Legislative Affairs, Mary Elizabeth Taylor;

   o) Acting Assistant Secretary for Legislative Affairs, Charles Faulkner;

   p) Assistant Secretary, Bureau of International Organization Affairs, Kevin Moley;

   q) Senior Advisor for the Under Secretary for Civilian Security, Democracy, and Human Rights, Pam Pryor; or

   r) Special Assistant for the Under Secretary for Civilian Security, Democracy, and Human Rights, Catharine O'Neill.

For this item, please produce all responsive records from May 1, 2018, through the date of the search.

2) All communications (emails, letters, and diplomatic cables) sent or received by U.S. Ambassador to Ukraine Marie Yovanovitch from April 22, 2019 to May 7, 2019. Wide-distribution news clippings, news alerts and news aggregations can be excluded and need not be produced.

3) All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between State and the White House (including, but not limited to, emails with addresses ending in eop.gov) regarding the early recall of Ambassador to Ukraine Marie Yovanovitch.

For this item, please produce all responsive records from April 1, 2019, through the date of the search.

For this item, American Oversight believes that State is best positioned to identify the officials most likely to possess responsive records, but American Oversight requests that, at a minimum, State search the files of the Office of the Secretary and the Office of the White House Liaison.

16.    Public reports suggest that former U.S. Ambassador to Ukraine Marie Yovanovitch may have been removed from her position as Ambassador because she had privately criticized the president or because of efforts involving Mr. Giuliani to pressure the Ukrainian government to investigate President Trump's perceived political opponents. *See* Robbie Grammer & Amy MacKinnon, *U.S. Ambassador to Ukraine Recalled in 'Political Hit Job,' Lawmakers Say*, Foreign Policy (May 7, 2019, 12:09 PM), https://foreignpolicy.com/2019/05/07/us-ambassador-to-ukraine-recalled-in-political-hit-job-lawmakers-say-marie-yovanovitch-lutsenko-right-wing-media-accusations-congress-diplomats-diplomacy/; Letter from Sen. Chris Murphy to Sen. Jim Risch, Chairman, Comm. on Foreign Relations, May 10, 2019, https://www.murphy.senate.gov/download/ukraine-giuliani-letter.

17.    President Trump criticized former Ambassador Yovanovitch in his July 25, 2019 call with the president of Ukraine, calling her "bad news," just before raising the matter of a potential prosecution of candidate Biden's son. The White House, Memorandum of Telephone Conversation with President Zelenskyy of Ukraine, July 25, 2019, https://games-cdn.washingtonpost.com/notes/prod/default/documents/d2311f4f-a767-4ddc-868b-8bc9af8226c5/note/339b784b-719c-464f-9eda-85daede53092.pdf#page=1.

18.    By letter dated July 25, 2019, State acknowledged receipt of this request and assigned the request tracking number F-2019-06332.

19.     American Oversight requested expedited processing of the request on September 20, 2019. American Oversight's request for expedited processing is attached as Exhibit A.

20.     American Oversight has received no further communications from State concerning this request.

*Exhaustion of Administrative Remedies*

21.     As of the date of this complaint, Defendant has failed to (a) notify American Oversight of any grant or denial of expedited processing of American Oversight's FOIA requests; (b) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (c) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

22.     Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

23.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     American Oversight properly requested records within the possession, custody, and control of Defendant on an expedited basis.

25.     Defendant is an agency subject to FOIA, and it must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

26.    The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance, and American Oversight is primarily engaged in disseminating information to the general public. Therefore American Oversight's requests justify expedited processing under FOIA and agency regulations.

27.    American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

28.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29.    Plaintiff properly requested records within the possession, custody, and control of Defendant.

30.    Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

31.    Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

32.    Defendant's failure to conduct an adequate search for responsive records violates FOIA.

33.    Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

34.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35.     Plaintiff properly requested records within the possession, custody, and control of Defendant.

36.     Defendant is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

37.     Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

38.     Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

39.     Defendant's failure to provide all non-exempt responsive records violates FOIA.

40.     Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to process Plaintiff's FOIA requests on an expedited basis;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(5) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 1, 2019                              Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723
*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
sara.creighton@americanoversight.org
john.bies@americanoversight.org

*Counsel for Plaintiff*