IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN OVERSIGHT**,<br><br>*Plaintiff,*<br><br>v.<br><br>**U.S. DEPARTMENT OF STATE**,<br><br>*Defendant.* | Case No. 1:19-cv-02934-CRC |

**JOINT STATUS REPORT**

Pursuant to the Court's October 25, 2019 opinion and order, Plaintiff American Oversight and Defendant United States Department of State ("State") hereby submit this Joint Status Report in this Freedom of Information Act ("FOIA") case. *See* ECF No. 15.

**I.     The Parties' Agreements With Respect to a Priority Search**

The parties have negotiated in good faith and have reached substantial agreement in accordance with the Court's Order to "prioritize and narrow [Plaintiff's FOIA] requests consistent with this ruling and the Court's observations at the [preliminary injunction] hearing." ECF No. 15, at 9. Specifically, the parties have agreed that State will search for the categories of documents described below, and to the extent responsive records exist, to process and produce them with appropriate redactions on or before November 22, 2019.

1. External Communications

The parties have agreed that, by November 22, 2019, State will search for and process the following collections of records, to the extent they exist:

(a) External communications between (1) Rudolph Giuliani, Victoria Toensing, or Joseph diGenova, and (2) the following State officials: Secretary Mike Pompeo (and anyone communicating on his behalf), Michal McKinley, Mary Kissel, Toni Porter, Thomas Ulrich Brechbuhl, Brian Bulatao, David Hale, Lisa Kenna, Carrie Cabelka,

    Michelle Giuda, and Mary Elizabeth Taylor.

(b) External communications of the same State officials listed in (a), above, with non-governmental individuals regarding (1) any plan by Rudolph Giuliani, Victoria Toensing, and/or Joseph diGenova to travel to Ukraine or to communicate with Ukrainian government officials or future Ukrainian government officials, or (2) any other effort to encourage the Ukrainian government to investigate any matter related to former Vice President Joseph Biden or his son Hunter Biden.

(c) External communications with non-governmental individuals regarding U.S. Ambassador to Ukraine Marie Yovanovitch. State Department officials subject to this search are: Secretary Mike Pompeo (and anyone communicating on his behalf), Michael McKinley, Mary Kissel, Toni Porter, John Sullivan (and anyone communicating on his behalf), Thomas Ulrich Brechbuhl, Brian Bulatao, David Hale, Lisa Kenna, Carrie Cabelka (or any other individuals serving in the role of White House Liaison), Mary Elizabeth Taylor, Charles Faulkner, and Kevin Moley.

State will search all locations reasonably likely to contain responsive records, including text messaging and similar messaging platforms on personal and official devices of the following individuals: Secretary Pompeo, P. Michael McKinley, Mary Kissel, Toni Porter, Thomas Ulrich Brechbuhl, and Lisa Kenna.

For email searches for records described in 1(b) and 1(c), State will attempt to limit its search to emails sent to or from a list of non-governmental domain names provided by Plaintiff. For the search described in 1(c), State will search for responsive records created between November 1, 2018 and the date on which the search was conducted.

In addition, State has agreed to search for electronic calendar entries of the State officials listed in 1(a) and 1(c) above that (i) reflect meetings, to the extent they exist, with Mr. Giuliani, Ms. Toensing, or Mr. diGenova, or (ii) reflect meetings, to the extent they exist, with external parties regarding Ambassador Yovanovitch or any effort to encourage the Ukrainian government to investigate former Vice President Biden or his son Hunter Biden.

2. <u>Final Directives Concerning the Recall of Ambassador Yovanovitch</u>

The parties have further agreed that State will search for final directives (from either the White House or State Department leadership) to recall Ambassador Yovanovitch and accompanying explanations. This search will be limited to the two-week timeframe preceding Ambassador Yovanovitch's recall, and it will be limited to the following State officials: Secretary Pompeo (and his assistants and those communicating on his behalf), Thomas Ulrich Brechbuhl, and John Sullivan.

## II. Areas of Disagreement With Respect to a Priority Search

Despite good faith negotiations, the parties could not agree on whether to include, in the November 22 priority production, "summaries and readouts of the July 25th call" between President Trump and President Zelenskyy of Ukraine, limited to records possessed by Secretary Pompeo (or his assistants or others retaining files on his behalf) or Counselor Brechbuhl.

*State Department Position.* Although State appreciates Plaintiff's efforts to narrow the scope of this request, State still believes that such records have a high likelihood of being classified and/or privileged. Plaintiff appears to have targeted these documents under the belief that they would be producible under the "official acknowledgment" doctrine, but that doctrine is very narrow, and personal summaries or readouts of a call are likely to contain additional information beyond a transcription of the call itself, which most likely would be exempt from disclosure under FOIA. Accordingly, State does not believe that this request fits within the scope of the Court's order to prioritize documents for a first production that are unlikely to require substantial review for exempt material. State emphasizes that it will expeditiously search for and process these documents subject to FOIA, but does not believe that it is appropriate to include such documents in the November 22, 2019 production.

*American Oversight Position.*  American Oversight requests that, by November 22, State be required to produce non-exempt portions of readouts or summaries of the president's July 25, 2019 call created by or in the custody of a small handful of the custodians specified in American Oversight's first request—Secretary Pompeo, assistants communicating on his behalf, and Counselor Brechbuhl.[1]  Secretary Pompeo has confirmed that he was on the president's July 25th call, and reports indicate that Counselor Brechbuhl also joined that call.[2]  As the White House has released a call memorandum that disclosed the content of that call,[3] other factual summaries of the content of the call, particularly portions of any State summaries or readouts of the call which reflect identical or very similar factual information to the information that has already been declassified and publicly released by the White House, will very likely be subject to disclosure, even if other portions of such records might potentially be exempt from disclosure. These records are of great public importance because they have the potential to corroborate the information in that publicly released call memorandum.[4]  American Oversight has agreed to a significant narrowing of the custodians and records to be searched for State's initial production and believes that processing this request for readily identifiable records[5] concerning a very high-

---

[1] This prioritized request is for a small subset of record responsive to the second item of American Oversight's first request, which sought "records reflecting communications" regarding any "effort to encourage the Ukrainian government to investigate any matter related to former Vice President Joseph Biden or his son Hunter Biden" from a longer list of State custodians that included Secretary Pompeo, anyone communicating on his behalf, and Counselor Brechbuhl. Compl. ¶¶ 7, 8.

[2] Bill Chappell, *Secretary of State Mike Pompeo Confirms He Was On Trump's Call With Zelenskiy*, NPR (Oct. 2, 2019), https://www.npr.org/2019/10/02/766349932/secretary-of-state-pompeo-says-he-was-on-phone-for-trumps-call-to-zelenskiy; Abby Vesoulis, *Read the Entire Declassified Version of the Trump Whistleblower Complaint*, Time, Sept. 26, 2019, https://time.com/5687640/read-trump-whistleblower-complaint/.

[3] The White House, Memorandum of Telephone Conversation with President Zelenskyy of Ukraine, July 25, 2019, https://www.whitehouse.gov/wp-content/uploads/2019/09/Unclassified09.2019.pdf.

[4] *See* J. Barnes et al., White House Ukraine Expert Sought to Correct Transcript of Trump Call, N.Y. Times, October 29, 2019, https://www.nytimes.com/2019/10/29/us/politics/alexander-vindman-trump-ukraine.html.

[5] American Oversight has requested only that readouts and documents intended to summarize the July 25th call be included in the initial search and production. American Oversight is not requesting that State search for, for example, all handwritten notes and emails summarizing or describing the content of the July 25th call.

profile matter from only a handful of custodians and making the required determination would not be burdensome.

### III.     Other Litigation Concerning Ukraine-Related FOIA Requests to State

At the October 23 hearing, the Court inquired into the number of other FOIA cases in this district concerning Ukraine that had been filed against State. A list of such cases is included below:

- *Ctr. For Investigative Reporting v. U.S. Dep't of State*, 19-cv-01726 (McFadden)
- *Solomon v. U.S. Dep't of State*, 19-cv-02019 (McFadden)
- *Citizens United v. U.S. Dep't of State*, 19-cv-21808 (Friedrich)
- *Judicial Watch v. U.S. Dep't of State*, 19-cv-02893 (McFadden)
- *Am. Oversight v. U.S. Dep't of State*, 19-cv-03058 (Berman Jackson)
- *Judicial Watch v. U.S. Dep't of State*, 19-cv-02960 (Howell)

### IV.     Further Joint Status Reports

Pursuant to the Court's Order, the parties will next submit a Joint Status Report on or before November 25, 2019, unless the Court orders otherwise.

    Respectfully submitted,

    */s/ Daniel A. McGrath*
    Daniel A. McGrath
    D.C. Bar No. 1531723
    */s/ Sara Kaiser Creighton*
    Sara Kaiser Creighton
    D.C. Bar No. 1002367
    */s/ John E. Bies*
    John E. Bies
    D.C. Bar No. 483730

    AMERICAN OVERSIGHT
    1030 15th Street NW, B255
    Washington, DC 20005
    (202) 897-4213

daniel.mcgrath@americanoversight.org
sara.creighton@americanoversight.org
john.bies@americanoversight.org

*Counsel for Plaintiff*


JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Joshua C. Abbuhl*
JOSHUA C. ABBUHL (D.C. Bar No. 1044782)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11318
Washington, D.C. 20005
Telephone: (202) 616-8366
Facsimile: (202) 616-8470
joshua.abbuhl@usdoj.gov

*Counsel for the Defendant*