## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN OVERSIGHT**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF STATE**, <br><br> Defendant. | Case No. 19-cv-2934 (CRC) |

### OPINION AND ORDER

Last week, the Court partially granted American Oversight's Motion for a Preliminary Injunction and ordered the parties to work together to identify categories of records for expedited processing, particularly those that are unlikely to be exempt from disclosure under FOIA. The parties have reported that they have successfully done so, with one exception.

American Oversight seeks the production of "non-exempt portions of readouts or summaries of the [P]resident's July 25, 2019 call [with Ukrainian President Zelensky] created by or in the custody of a small handful of the custodians specified in [its] first request," namely Secretary of State Michael Pompeo—including assistants communicating on his behalf—and Counselor Ulrich Brechbuhl, both of whom news reports have indicated were on the call. JSR, ECF No. 16, at 4. (Indeed, Secretary Pompeo has confirmed that he was on the call. Id.) American Oversight posits that any such records would be non-exempt under the "official acknowledgment" doctrine, which permits disclosure of records that would otherwise be exempt under FOIA, because President Trump declassified and released a non-verbatim transcript of his call. Id. State counters that the requested documents are still likely to be exempt, and therefore should not be subject to accelerated processing, because they "are likely to contain additional information beyond a transcript of the call itself." Id. at 3.

"[W]hen information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim." Fitzgibbon v. CIA, 911 F.2d 755, 765 (D.C. Cir. 1990). To fit within the doctrine, "(1) the information requested must be as specific as the information previously released; (2) the information requested must match the information previously disclosed; and (3) the information requested must already have been made public through an official and documented disclosure." ACLU v. Dep't of Defense, 628 F.3d 612, 620–21 (D.C. Cir. 2011). At this preliminary stage, before State has even searched for these documents, Plaintiff bears the "initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." Afshar v. Dep't of State, 702 F.2d 1125, 1130 (D.C. Cir. 1983).

The Court finds that American Oversight has met its burden. The President has "officially acknowledged" the contents of his call with the President of Ukraine, to the extent disclosed in the released transcript. Thus, any information contained within any State Department summaries of the call that is "as specific as" the information released in that transcript and that "match[es]" that information is unlikely to be exempt under FOIA. See ACLU, 628 F.3d at 620–21. Moreover, the narrowed request does not place a heavy burden on State because it seeks only summaries or readouts from a single call in the records of only two officials.

Accordingly, the Court will order State to produce by November 22, 2019 any "summaries and readouts of the July 25th call" found in records stored by "Secretary Pompeo, assistants communicating on his behalf, and Counselor Brechbuhl." JSR at 4. State may redact any information in those records that is not "as specific as" or does not "match" the information in the transcript that was released to the public. If necessary, American Oversight may seek the Court's intervention in resolving any objections to State's redactions.

* * *

For the foregoing reasons, it is hereby

**ORDERED** that State produce any documents that include "officially acknowledged" information pursuant to Plaintiff's narrowed request on or before November 22, 2019.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: November 1, 2019